# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0506-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

T.M.,

    Defendant-Appellant.

_____

Submitted November 15, 2016 — Decided May 31, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment No.
05-01-0010.

Joseph E. Krakora, Public Defender, attorney
for appellant (Steven M. Gilson, Designated
Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor,
attorney for respondent (Nancy A. Hulett,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant T.M.[1] appeals from the Law Division's July 9, 2015 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He presents the following single-point argument:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVE AND INADEQUATE INVESTIGATION.

For the reasons that follow, we affirm.

In light of the issue raised on appeal, we briefly discuss the prior procedural history, including the evidentiary hearing ordered by our Supreme Court resulting from defendant's direct appeal of his conviction and sentence.

On November 15, 2005, defendant was convicted by a jury of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (count one), first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (count two), first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (count three), second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count four), second-degree sexual assault, N.J.S.A. 2C:14-2(b) (count five), second-degree endangering the welfare of a child, N.J.S.A. 2C:24-2(a) (count six), first-degree endangering

---

[1] Pursuant to Rule 1:38-3(d)(10), we use initials to protect the identity of the sexual assault victim.

the welfare of a child, N.J.S.A. 2C:24-4(b)(3) (count seven), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(4) (count eight). On February 6, 2006, defendant was sentenced to an aggregate term of thirty-years in prison with a fifteen-year period of parole ineligibility.

On defendant's direct appeal of his conviction and sentence, we affirmed, except for count seven, which we molded to a second-degree conviction. State v. T.M., No. A-6028-05 (App. Div. May 28, 2009).

The State's petition for certification was granted. State v. T.M., 200 N.J. 369 (2009). Defendant then filed a cross-petition for certification claiming he now had possession of his signed written consent form to search his computer and camera that did not check the box waiving his right to be present during the search. In response, our Supreme Court remanded the matter to the trial court "to reconsider whether defendant waived his presence during the search and, if he did not, whether the evidence seized was properly admitted." State v. T.M., 201 N.J. 143, 143-44 (2010). The Court also retained jurisdiction. Id. at 144.[2]

_____

[2] The State's subsequent motion for reconsideration on the basis that the defendant's prior testimony authenticated the consent to search form was denied on February 10, 2010.

3                                                          A-0506-15T4

On remand, the same judge who presided over the trial and sentenced defendant, conducted an evidentiary hearing. Defendant testified that on the night of January 15, 2004, three police officers arrived at his house and then transported him to police headquarters to interrogate him. Defendant contended the questioning stopped when police placed in front of him "a consent form to search his house for . . . a computer and a camera." Defendant asserted that he signed the form, but did not check the box waiving his right to be present during the search of the computer and camera, and that police assured him that he could be present.

Defendant's forensic expert witness, Karl Schaffenberger, opined that, based upon his examination of the consent to search forms produced by defendant and the State, there was no evidence indicating that defendant's consent form was tampered with to remove the check mark waiving defendant's right to be present during the search of the computer and camera. With respect to the State's consent form, Schaffenberger believed that there were three pens used on the form, and the pen used by defendant to sign his name, was not the same pen used to check the box on the form. However, he could not determine who used the pen to check the box waiving defendant's right to be present at the search.

4

Middlesex County Prosecutor's Investigator, George Trillhaase testified that he discussed the consent to search form with defendant before defendant signed it. He recalled that either he or defendant checked the waiver box after he told defendant that he had the right to be present during the search. However, Trillhaase could not recall how many pens were used when the consent form was executed.

On March 12, 2013, the judge issued a twenty-five page written decision upholding the search. The judge found that the "[State] has provided sufficient[,] clear[,] and positive testimony to show that the document in question was not a forgery, and that the defendant's consent to search was freely given and likely included a waiver of his right to be physically present during the execution of the search[.]" The judge reasoned that, despite not finding a "clear explanation for how [defendant] wound up with a [signed consent] form that has an unchecked waiver box," the testimony sufficiently "show[ed] that [defendant] waived his presence during the search and that the search of his home and the evidence produced was properly admitted[.]" Relying upon State v. King, 44 N.J. 346, 352-53 (1965), which set forth factors to determine if the consent to search is coerced, the judge noted that defendant's consent was voluntary because he gave consent

believing the police would not find contraband, and he affirmatively assisted the police officers with the search.

In addition, the judge determined that defendant and his expert were not credible. To highlight defendant's lack of believability, the judge noted that during a pre-trial motion to suppress the computer and camera search and seizure, defendant did not contend he exercised his right to be present during the search by leaving a box on the consent form unchecked.

Defendant sought to appeal the decision, but the Supreme Court, which had retained jurisdiction, denied his cross-petition for certification on October 18, 2013. State v. T.M., 216 N.J. 13 (2013). Three months later, the Court determined that the State's petition for certification was "improvidently granted," and entered an order dismissing the State's appeal.

On January 10, 2014, defendant filed a pro se PCR petition claiming ineffective assistance of counsel due to trial counsel's failure to investigate the issue of the voluntariness of the consent to search his computer and camera. Defendant was subsequently assigned counsel, who submitted a brief and incorporated defendant's pro se arguments.

Following argument on July 9, 2015, the PCR judge issued an order and oral decision denying defendant relief without an evidentiary hearing. The judge determined that the PCR request

was procedurally deficient because adjudication on the issue of voluntariness and scope of the consent to search was previously litigated during the remanded evidentiary hearing, and therefore may not be re-litigated on a PCR petition pursuant to Rule 3:22-5. Moreover, the judge reasoned that even if he granted defendant a hearing concerning his contention that counsel was ineffective with respect to the consent to search, the hearing would have produced the same outcome as the March 2010 hearing, that "[defendant's] consent was validly given to [conduct the] search without him being present."

Before us, defendant contends that the PCR judge erred in denying an evidentiary hearing because his "claim was not predicated on the consent to search form, which was previously litigated, but rather concerned trial counsel's failure to investigate the consent search." We disagree and conclude that the judge was correct in denying PCR without an evidentiary hearing.

A court reviewing a PCR petition based on claims of ineffective assistance should an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462 (1992). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super.

154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim. Preciose, supra, 129 N.J. at 462-63. A hearing should be conducted only if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, supra, 321 N.J. Super. at 170. When claiming defense counsel inadequately investigated, the defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (citing R. 1:6-6).

"A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal

taken from such proceedings." R. 3:22-5. PCR proceedings are not an opportunity to re-litigate claims already decided on the merits in prior proceedings. State v. McQuaid, 147 N.J. 464, 483 (1997) (citing R. 3:22-5). If an issue has been determined on the merits in a prior appeal, it cannot be re-litigated in a later appeal of the same case, even if of constitutional dimension. Id. at 483-84; State v. White, 260 N.J. Super. 531, 538 (App. Div. 1992), certif. denied, 133 N.J. 436 (1993).

Here, defendant's bald assertions did not establish a prima facie case of ineffective assistance of counsel, and did not warrant an evidentiary hearing. Likewise unpersuasive is defendant's attempt to re-fashion his arguments from the prior remand evidentiary hearing to overcome the procedural bar of Rule 3:22-5. There is no material distinction between the arguments raised then and now on PCR appeal. Defendant's contention that trial counsel failed to investigate the validity of the consent to search form is procedurally barred as the consent to search form was fully litigated on the merits at the remand evidentiary hearing. Moreover, even if we consider defendant's arguments, they are without merit. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0506-15T4